IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRETT RATNER, | ) | Civ. No. 17-00542 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELANIE KOHLER; JOHN AND/OR | ) | |
| JANE DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY TO RESPOND TO DEFENDANT MELANIE KOHLER'S SPECIAL MOTION TO STRIKE THE COMPLAINT FILED NOVEMBER 1, 2017 (ECF No. 26)**

On or about October 20, 2017, Defendant Melanie Kohler posted a statement on her Facebook page. The statement claimed that Hollywood film director and producer Brett Ratner raped her, in either 2004 or 2005, when she was living in California.

Plaintiff Brett Ratner filed a Complaint against Defendant Kohler, alleging defamation.

Defendant Kohler filed a Motion to Dismiss and a Special Motion to Strike pursuant to a California statute barring strategic lawsuits against public participation, a law designed to protect speech ("anti-SLAPP statute").

On February 26, 2018, the Court issued an Order Denying Defendant's Motion to Dismiss and Holding in Abeyance Defendant's Motion Pursuant to the California anti-SLAPP statute.

The Court ordered the Parties to meet and confer regarding

1

the scope of discovery necessary to allow Plaintiff to respond to Defendant's Motion. The Parties were unable to agree on the scope of discovery.

The Court **FINDS** that Plaintiff Ratner is entitled to serve interrogatories and a request for production of documents in order to respond to Defendant's Motion pursuant to California's anti-SLAPP statute.

## **PROCEDURAL HISTORY**

On November 1, 2017, Plaintiff filed a Complaint. (ECF No. 1).

On January 2, 2018, Defendant filed DEFENDANT MELANIE KOHLER'S MOTION TO DISMISS THE COMPLAINT FILED NOVEMBER 1, 2017, AND TO STRIKE THE COMPLAINT FILED NOVEMBER 1, 2017. (ECF No. 26).

On February 8, 2018, the Court held a hearing on Defendant Kohler's Motion to Dismiss and to Strike (ECF No. 36).

On February 26, 2018, the Court issued an ORDER DENYING DEFENDANT MELANIE KOHLER'S MOTION TO DISMISS THE COMPLAINT FILED NOVEMBER 1, 2017 AND HOLDING IN ABEYANCE DEFENDANT MELANIE KOHLER'S SPECIAL MOTION TO STRIKE THE COMPLAINT FILED NOVEMBER 1, 2017. (ECF No. 43).

On February 28, 2018, Plaintiff filed PLAINTIFF BRETT RATNER'S MEMORANDUM OF POINTS AND AUTHORITIES RE: SCOPE OF DISCOVERY. (ECF No. 44).

On March 21, 2018, Defendant filed DEFENDANT MELANIE

2

KOHLER'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING PLAINTIFF'S SCOPE OF DISCOVERY.  (ECF No. 45).

## BACKGROUND

Plaintiff alleges that on or about October 20, 2017, Defendant Melanie Kohler "recklessly and/or intentionally posted a statement on her Facebook page claiming that 'Brett Ratner raped [her]'."  (Verified Complaint at ¶ 7, ECF No. 38).

Plaintiff Ratner alleges the statement is "entirely false, fabricated, and fictional."  (Id. at ¶ 8).  Plaintiff asserts that Defendant Kohler made the statement "with knowledge of its falsity, maliciously, and with the intent to harm Plaintiff's reputation and standing."  (Id. at ¶ 9).

Plaintiff believes that the Facebook statement constitutes "libel per se."  (Id. at ¶ 10).

## STANDARD OF REVIEW

**Special Motion To Strike Pursuant To Cal. Code Civ. P. § 425.16**

California's anti-SLAPP statute states:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. P. § 425.16(b)(1).

There are two steps in analyzing a Motion filed pursuant to

California's anti-SLAPP statute.

**First**, the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of free speech on a public issue. Jordan-Benel v. Universal City Studios, Inc., 859 F.3d 1184, 1188 (9th Cir. 2017); Park v. Board of Trustees of Cal. State Univ., 393 P.3d 905, 907 (Cal. 2017).

**Second**, if the defendant establishes a prima facie case, the burden shifts to the plaintiff to show a reasonable probability of prevailing on the challenged claim. Jordan-Benel, 859 F.3d at 1188.

## ANALYSIS

### I. The Substantive Provisions of California's Anti-SLAPP Statute Apply To This Case

The Ninth Circuit Court of Appeals has determined that the substantive provisions of California'a anti-SLAPP statute apply in federal cases where the federal court applies California law and there is subject-matter jurisdiction based on diversity. United States ex rel. Newsham v. Lockheed Missiles & Space Co. Inc., 190 F.3d 963, 971 (9th Cir. 1999).

The Court has ruled that California law applies to this case and Defendant Kohler has met her prima facie burden under Cal. Civ. P. Code § 425.16 to show that her Facebook post was made in furtherance of her right to free speech on a matter of public interest.

Under the second step of the anti-SLAPP statute, the burden shifts to Plaintiff Ratner to establish a "reasonable probability" that he will prevail on his claim for defamation. Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013).

The term "reasonable probability" in the anti-SLAPP statute has a specialized meaning. Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 598 (9th Cir. 2010). The California Supreme Court has explained that under the reasonable probability standard, the plaintiff need only establish that the case has "minimal merit." Navellier v. Sletten, 52 P.3d 703, 712 (Cal. 2002); see Manufactured Home Communities, Inc. v. Cnty. of San Diego, 655 F.3d 1171, 1176-77 (9th Cir. 2011) (quoting Wilson v. Parker, Covert & Chidester, 50 P.3d 733, 739 (Cal. 2002)).

## II. The Procedural Provisions of California's Anti-SLAPP Statute That Conflict With The Federal Rules Of Civil Procedure Do Not Apply To This Case

Federal courts allow for discovery before granting an anti-SLAPP motion on grounds of factual insufficiency. Makaeff, 715 F.3d at 275; Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004); Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 980 (C.D. Cal. 1999).

Plaintiff requests an opportunity to conduct discovery in order to respond to Defendant's Motion pursuant to the California anti-SLAPP statute.

The Ninth Circuit Court of Appeals has explained that provisions in the California anti-SLAPP statute that directly

5

collide with the Federal Rules of Civil Procedure are not applicable. Metabolife Int'l, Inc. v Wornick, 264 F.3d 832, 840 (9th Cir. 2001).

In Metabolife Int'l, Inc., the appellate court found that the discovery-limiting portions of the anti-SLAPP statute conflict with Federal Rule of Civil Procedure 56 and are inapplicable in federal court under the Erie doctrine. Id. at 846 (citing Rogers, 57 F.Supp.2d at 980).

**III. Plaintiff Ratner Is Permitted To Engage In Limited Discovery At This Stage In Proceedings**

    **A.    Plaintiff's Cause of Action For Defamation**

In the Court's February 26, 2018 ORDER DENYING DEFENDANT MELANIE KOHLER'S MOTION TO DISMISS THE COMPLAINT FILED NOVEMBER 1, 2017 AND HOLDING IN ABEYANCE DEFENDANT MELANIE KOHLER'S SPECIAL MOTION TO STRIKE THE COMPLAINT FILED NOVEMBER 1, 2017 (ECF No. 43), the Court ruled that California law provides the substantive law in this case. (Id. at pp. 8-14).

Plaintiff Ratner alleges that Defendant Kohler made a defamatory statement that he raped her "about 12 years ago." (Verified Complaint at ¶ 7, ECF No. 38).

Under California law, defamation is the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage. Price v. Stossel, 620 F.3d 992, 999 (9th Cir. 2010) (quoting Gilbert v. Sykes, 53 Cal.Rptr.3d 752, 764 (Cal. Ct. App.

2007)).

Plaintiff's Verified Complaint contends that the rape accusations against him constitute "libel per se." (Verified Complaint at ¶ 10, ECF No. 38). Libel is a form of defamation effected in writing. Doe 2 v. Superior Court, 206 Cal.Rptr.3d 60, 68 (Cal. Ct. App. 2016); Shively v. Bozanich, 80 P.3d 676, 682-83 (Cal. 2003).

Under California law, statements that falsely impute the commission of a crime are libelous on their face. Yow v. Nat'l Enquirer, Inc., 550 F.Supp.2d 1179, 1183 (E.D. Cal. 2008).

Here, Defendant has accused Plaintiff of rape. Such an accusation, if false, is libelous on its face. Id. at 1190.

Plaintiff is a public figure and must establish that the defamatory statement was made with actual malice, that is, knowledge that it was false, or with reckless disregard for the truth. New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); Walker v. Kiousis, 114 Cal. Rptr.2d 69, 80 (Cal. Ct. App. 2001); Reader's Digest Ass'n v. Superior Court, 690 P.2d 610, 615 (Cal. 1984). The burden is on Plaintiff Ratner to prove falsity. Dickinson v. Cosby, 225 Cal.Rptr.3d 430, 462 (Cal. Ct. App. 2017).

### B. Plaintiff Ratner Is Entitled To Engage In Discovery To Demonstrate A Reasonable Probability of Prevailing On His Defamation Cause of Action

Under the second step of the California anti-SLAPP statute, it is the Plaintiff's burden to establish a "reasonable

7

probability" that he will prevail on his claim for defamation. Makaeff, 715 F.3d at 261.

Plaintiff Ratner is entitled to engage in limited discovery to obtain evidence from the Defendant that may assist Plaintiff in responding to Defendant Kohler's Motion pursuant to the California anti-SLAPP statute. Heller v. NBCUniversal, Inc., 2016 WL 6583048, *9 (C.D. Cal. June 29, 2016); Flores v. Emerich & Fike, 2006 WL 2536615, *10 (E.D. Cal. Aug. 31, 2006) (citing Verizon Delaware, Inc., 377 F.3d at 1091).

Federal Rule of Civil Procedure 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and if that fact is "of consequence in determining the action." Fed. R. Evid. 401.

The scope of discovery is not unlimited. Limited discovery is permitted to allow Plaintiff to defend the Motion brought pursuant to the California's anti-SLAPP statute. In such cases, the plaintiff is entitled to discovery of probative information solely available from the defendant. Metabolife Int'l, Inc., 264 F.3d at 850; Nat'l Abortion Fed. v. Ctr. for Medical Progress, 2015 WL 5071977, *9 (N.D. Cal. Aug. 27, 2015).

Here, Plaintiff Ratner has identified evidence solely available from Defendant Kohler that is relevant to his defense of her Motion.

8

Plaintiff claims that Defendant Kohler falsely alleged that Plaintiff Ratner raped her. Plaintiff seeks discovery regarding Defendant Kohler's state of mind and what she recalls about the alleged rape. Defendant Kohler has not provided the day, month, or year of the alleged rape, the identities of any witnesses to the events before, during, or after the alleged rape, or any information as to whether Defendant notified anyone of the incident, made a police report, or sought medical treatment for the alleged rape.

Plaintiff also seeks to obtain evidence from Defendant that bears on her credibility with respect to her October 20, 2017 Facebook post. A defendant's credibility is a key issue in a defamation action. Evidence as to the defendant's credibility may support a finding that the defendant's statement is false and defamatory. Parisi v. Mazzaferro, 210 Cal. Rptr.3d 574, 584 (Cal. Ct. App. 2016) (upholding the trial court's finding that the defendant was not credible and its conclusion that the defendant's unsubstantiated statements were false, defamatory, and served no legitimate purpose); Moreno v. Ostly, 2012 WL 3095344, *4-*5 (Cal. Ct. App. July 31, 2012) (upholding a jury verdict finding defamation where "it is apparent from the jury's responses to the special verdict forms that the jury concluded Moreno's sexual relationship with Ostly was consensual, her testimony that she submitted to unwelcome sex in order to stay employed was not credible, and that her allegations of rape and sexual assault were false").

9

Plaintiff Ratner requests discovery in the form of a deposition, interrogatories, and production of documents. Plaintiff has not established that a deposition is necessary at this stage in the proceedings. Plaintiff is able to obtain the necessary discovery in order to oppose Defendant's Motion pursuant to the California anti-SLAPP statute with interrogatories and production of documents.

### 1. Interrogatories

Federal Rule of Civil Procedure 33 allows a party to request answers to no more than 25 written interrogatories, including all discrete subparts. <u>Marine Lumber Co. v. Precision Moving & Storage</u>, 2016 WL 9488599, *3 (D. Haw. Dec. 23, 2016).

Plaintiff may request answers to interrogatories from Defendant Kohler about the details of the alleged rape, where it supposedly occurred, precisely when it purportedly occurred, what allegedly happened before and after, who was present for the events before and after the alleged rape, when and to whom she told about the alleged incident, and any other interactions she had with Plaintiff Ratner.

### 2. Production of Documents

Federal Rule of Civil Procedure 34 allows a party to serve another party with a request to produce documents and other tangible things within the responding party's possession, custody, or control. <u>Keith H. v. Long Beach Unified Sch. Dist.</u>,

10

228 F.R.D. 652, 655 (C.D. Cal. 2005). The scope of the request is governed by Federal Rule of Civil Procedure 26(b), which allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Each request must describe with reasonable particularity the items to be produced. Fed. R. Civ. P. 34(b)(1).

Plaintiff Ratner may request from Defendant Kohler any documentary evidence in her possession, custody, or control that Plaintiff Ratner raped her.

Plaintiff Ratner may request from Defendant Kohler any nonprivileged correspondence between Defendant Kohler and any third-party (including but not limited to the Los Angeles Times, Good Morning America, and other media outlets) about the alleged rape.

At this stage in the proceedings, it is the Plaintiff's burden to respond to Defendant Kohler's Motion pursuant to the California anti-SLAPP statute. Jordan-Benel, 859 F.3d at 1188. Defendant Kohler is not entitled to engage in discovery from Plaintiff Ratner at this time.

## CONCLUSION

Plaintiff Ratner shall serve Defendant Kohler with his request for answers to interrogatories and request for production of documents on or before Thursday, May 10, 2018.

Defendant Kohler shall respond to Plaintiff's requests on or before Monday, June 11, 2018.

Plaintiff shall file his evidence in support of his Opposition to Defendant Kohler's Motion pursuant to the California anti-SLAPP statute on or before Tuesday, July 10, 2018.

Defendant shall file her Reply on or before Friday, August 10, 2018.

IT IS SO ORDERED.

DATED: April 5, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Brett Ratner v. Melanie Kohler; John and/or Jane Does 1-10; Civ. No. 17-00542HG-KSC; **ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY TO RESPOND TO DEFENDANT MELANIE KOHLER'S SPECIAL MOTION TO STRIKE THE COMPLAINT FILED NOVEMBER 1, 2017 (ECF No. 26)**